# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**STACIA ANN ADAMS II IRIZARRY,**
**RAUL IRIZARRY, and on behalf of minor**
**offspring C.K.R.I.,**

      **Plaintiffs,**

-vs-              Case No. 2:11-cv-595-FtM-36DNF

**DEPARTMENT OF CHILDREN AND**
**FAMILIES,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On October 14, 2011, the Plaintiffs, Stacia Ann Adams II Irizarry, and Raul Irizarry, and on behalf of minor offspring C.K.R.I. filed a Complaint (Doc. 1). The Plaintiff, Stacia Ann Adams II Irizarry also filed an Affidavit of Indigency (Doc. 3) which the Court construed as a Motion to Proceed *In Forma Pauperis*. On October 26, 2011, the Court entered an Order (Doc. 5) informing the Plaintiffs that when an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to Title 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915. A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Pro se*

complaints should be held to a less stringent standard than pleadings drafted by attorneys. *Watson v.Ault,* 525 F.2d 886, 891 (5th Cir. 1976)[1].

The Court reviewed the Complaint, and required the Plaintiffs to file an Amended Complaint that complied with Federal Rules of Civil Procedure 8 and 10. The Court also required the Plaintiff, Raul Irizarry to either file an Affidavit of Indigency or pay the filing fee. The Plaintiffs did not respond to the Order (Doc. 5).

On November 28, 2011, the Court entered an Order to Show Cause (Doc. 6) which again required the Plaintiffs to file an Amended Complaint and required Raul Irizarry to complete an Affidavit of Indigency. The Court cautioned the Plaintiffs that Pursuant to Local Rule 3.10, "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." M.D. Fla. L.R. 3.10. The Court allowed the Plaintiffs fourteen (14) days to respond to the Order to Show Cause. The Plaintiffs failed to respond to the Order to Show Cause (Doc. 6). The Plaintiffs have failed to respond to Court orders and have failed to prosecute their case.

**IT IS HEREBY RESPECTFULLY RECOMMENDED**:

That this action be dismissed for failure to prosecute and that the Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) be denied.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir., 1981) (*en banc*),the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___19th___ day of December, 2011.

/s/ Douglas N. Frazier
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record